PROB 12B
(NYEP-11/25/02)

SR. USPO LISA GRELAJ

# United States District Court

## for the

## Eastern District of New York

Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Daniel Mei**                                Case Number: **05-CR-0250**

Name of Sentencing Judicial Officer: **The Honorable Inge P. Johnson, U.S. District Judge in the Northern District of Alabama. Transfer of Jurisdiction was assigned to The Honorable Carol B. Amon on March 29, 2005.**

Date of Original Sentence: **July 23, 2003**

Original Offense: **Conspiracy to Produce, Traffic In, Have Control and Custody of and Possess Device-Making Equipment with Intent to Defraud, in violation of 18 USC 1029(b)(2).**

Original Sentence: **4 months custody and 2 years supervised release. Special conditions to participate in substance abuse testing and treatment, to participate in a computer restriction program, and to participate in the collection of DNA, were also imposed.**

Type of Supervision: **Supervised Release**         Date Supervision Commenced: **December 30, 2003**

---

### PETITIONING THE COURT

☐   To extend the term of supervision for years, for a total term of years.

☒   To modify the conditions of supervision as follows:

> **The defendant shall comply with the conditions of home detention for a period not to exceed 90 days. During this time, you will remain at your place of residence except for employment and other activities approved in advance by your probation officer. You will maintain a telephone at your place of residence without call forwarding, a modem, Caller ID, call waiting, or portable cordless telephones for the above period. As approved by the probation officer, you shall wear an electronic monitoring device and follow electronic monitoring procedures specified by your probation officer. The defendant shall pay a portion or the total cost of electronic monitoring services at the daily rate provided by the U.S. Probation Office based on the defendant's ability to pay. The daily rate is subject to periodic adjustment. These payments will be made on a schedule approved by the probation officer.**

## CAUSE

Since August 2004, the releasee reported employment at Super Wireless in Flushing, New York, working as a salesperson, Monday through Friday, 12pm to 8pm. On March 22, 2005, while outside Mei's job, the undersigned called him on his cell phone to advise of our presence. Having awoken Mei at 2pm by our call, he advised that he was on his "way to work." As the employer was aware of Mei's supervision status, we proceeded to speak to the boss, identified only as Ping. Ping initially informed that the offender was on a delivery, had left approximately 2 hours ago, and would not return for 2 hours. When we advised Ping that we had just spoken to Mei at his residence, Ping admitted that the offender did not presently work there, rather that Mei had asked him to, in essence, "cover for him if anyone came looking for him". Ping did claim the offender worked for him for a couple of months at some point, although we do not believe this.

On March 29, 2005, the offender was confronted with the "no-show job." He found it amusing that we had learned of his bogus employ, however, signed a Waiver of Hearing (Prob 49), agreeing to the imposition of a special condition for 90 days home confinement, nonetheless. We believe this sanction will allow us to better monitor his activities, as well as serve as a catalyst for him to secure legitimate full-time employment. Based on the above-noted, we respectfully request Your Honor order the so noted special condition.

Respectfully submitted by,

Lisa A. Gjelaj
Sr. U.S. Probation Officer

Approved by,

Andrew Bobbe
Sr. Deputy Chief U.S. Probation Officer
Date: June 2, 2005

THE COURT ORDERS:
- ☑ The Modification of Conditions as Noted Above
- ☐ No Action
- ☐ Other

Signature of Judicial Officer
Date: June 28, 2005